McICiNNEY, J.,
delivered tbe opinion of tbe Court.
Tbe indictment in this case contains four counts. In the first two counts, tbe prisoner is charged with having-stolen “ one bank note for tbe payment of one hundred dollars and of tbe value of one hundred dollars.” In tbe other counts, he is charged with having received said bank note, knowing it to have been stolen. A general verdict of guilty, on all the four counts, was found by the jury, upon which the Court rendered judgment.
The prisoner moved in arrest of judgment, and also* for a new trial; both of which motions were overruled.
Several errors are assigned upon the record. First. It is insisted that the charges in the indictment, of stealing the bank note, and of receiving it, knowing it to have been stolen, are repugnant and self-contradictory; and that for this reason the judgment ought to have-been arrested. Whatever consideration this objection might have been entitled to, if taken in a different form- and at ra previous stage of the prosecution, we think it is not available after verdict.
Second. It is said the Court erred in excluding evi *132 dence of a statement made by Lewis, the prosecutor; from whom the bank note is charged to have been stolen, and who was examined as a witness for the State. Among other controverted matters in the case, a question seems to have been made on the trial, as to the place where the bank note was lost or taken from the possession of Lewis — whether in Tazewell or at Mc-Bee’s — a place several miles from Tazewell. It was proved by a witness for the defendant,, that, on the day after the note was lost or stolen, he saw Lewis, the prosecutor, in Tazewell, “hunting something very carefully, between Buchanan’s grocery door and where he had hitched his horse.” And it was then proposed to prove by said witness, “that Lewis said, at the time, that he was hunting a $100.00 bill which he had lost the night before; that he had had it in his fingers in the grocery last night, and had not seen it since.”
Lewis had been re-called and interrogated directly, whether he had made the foregoing statement, at the time and place mentioned; and his answer was, that “ he did not recollect, he might and he might not.” The Court held the proposed evidence of Lewis’s statements to be inadmissible, because Lewis had not denied making such statements:
The question is, did the Court err in thus ruling ? It will be observed that the exclusion of the evidence was not upon the ground that it was collateral or irrelevant to the issue, but simply because the witness, not recollecting whether or not he had made the statement, had not denied doing so. We do not perceive the principle upon which this distinction rests. If the evidence was at all relevant to the issue, as tending in any degree to *133 establish some material fact, we are at a loss to see why tbe failure of prosecutor’s memory as to whether or not he had made the statement, should be allowed to deprive the defendant of the benefit of the testimony. If the sole object of the evidence offered had been, to discredit the prosecutor by his own contradictory statement on a former occasion, the view of the Circuit Judge would have been more plausible; though, even then, we incline to the opinion that it could not be maintained. But regarding it as evidence which might aid in establishing a material fact in the case, that is, whether the bank note was lost or taken from the - possession of the prosecutor at Tazewell, where the prisoner was not present, or at McBee’s, where he was present, we think its rejection by the Court was error. The case of Crowley v. Page, 7 C. & P., 789, cited in note to sec. 449, 1 Greenleaf’s Ev., is directly in point. That case decides, according to the note, that if the witness does not recollect having said that which is imputed to him, evidence may be given that he did say so, provided it be relevant to the matter in issue.
Upon this point the judgment must be reversed. We do not deem it necessary to notice the other- supposed errors in the record, as, if they are well assigned, they may be obviated on another trial.
Judgment reversed.